UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
APR 01 2011

| | | |
|---|---|---|
| COREY T. DAVIS, | * | CIV 10-4106 |
| Petitioner, | * | MEMORANDUM OPINION AND ORDER DENYING HABEAS RELIEF |
| -vs- | * | |
| JORDAN R. HOLLINGSWORTH, WARDEN - FPC YANKTON, | * | |
| Respondent. | * | |

Petitioner, Corey Davis, an inmate who was incarcerated at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's action challenges the Bureau of Prisons' evaluation of his case for a Residential Reentry Center (RRC) Placement of 60-90 days RRC placement/home detention. Petitioner has documented that he made an informal request, appealed to the Warden, and appealed to the Regional Director regarding this matter.

This Court recently entered a decision in favor of the Respondent in a Section 2241 action involving RRC placemnts. *See Kurt James Bowers v. Warden, Federal Prison Camp, Yankton*, CIV, 10-4006 (D.S.D. Feb. 25, 2011)(unpublished opinion).This Court held in the *Bowers* decision that the BOP policies that apply to Bowers and Petitioner Davis are valid, reasonable and not in conflict with the provisions of the Second Chance Act of 2007. Petitioner Davis is not asserting that the BOP policies conflict with the Second Chance Act of 2007, but is questioning the judgment of the BOP in making his particular recommendation based . This challenge is based on Davis' belief that a longer RRC placement was justified.

18 U.S.C. §§ 3621(b) and 3624(c), read together, vest the BOP with broad discretion in considering RRC placements. Nothing in these statutes mandates that the BOP designate an inmate for RRC placement for any period of time. The Second Chance Act only requires that the BOP "to

the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). "Such conditions *may* include a community correctional facility." *Id.* (Emphasis added). The Second Chance Act does not entitle any prisoner to any particular length of time in an RRC. *See Tovey v. Cruz*, 2010 WL 391336, Civ. No. 09-508 (D. Minn. Jan. 25, 2010). The responses Petitioner Davis received in pursing his administrative remedies establish that the BOP gave Mr. Davis' case individual consideration, considered the factors it was required to consider, and determined that a 60-90 day residential re-entry/home detention period was of sufficient duration to provide the greatest likelihood of successful reintegration into the community. This Court has no basis to second guess that determination. Accordingly,

IT IS ORDERED that Petitioner Davis' request for relief under 28 U.S.C. § 2241 is denied, and the action is dismissed.

Dated this 1st day of April, 2011.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)    DEPUTY